UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:21-cr-00035-SEP |
| v. ) | |
| ) | |
| ZACHARY HOVIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant Zachary Hovis, represented by defense counsel Michelle Monahan, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

**A.    The Plea:**    Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to the lesser-included offenses in both Count One and Count Two of the Indictment (*i.e.*, distribution of fentanyl)

the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

**B.     The Sentence:**   The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties agree that they will each ask for a sentence within the jointly recommended sentencing range of 60-168 months. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.     ELEMENTS:**

With respect to both Counts One and Two, Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further understands that the elements of the crime are as follows:

(i)  Defendant intentionally distributed fentanyl (a Schedule II controlled substance); and,

(ii) At the time of the distribution, Defendant knew that s/he was in possession of a controlled substance; specifically, fentanyl.

**4.     FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On November 16, 2019, Defendant Zachary Hovis texted C.W. to see whether she was interested in obtaining drugs from him. Defendant and C.W. then met up at the Whitmoor Country Club's parking lot, which is located in the Eastern District of Missouri. (Surveillance footage from the Country Club depicted the two individuals meeting up.) Defendant then intentionally and knowingly distributed fentanyl, a Schedule II controlled substance, to C.W. C.W. subsequently left the Whitmoor County Club in her vehicle and then parked in a Dobbs parking lot.

C.W. never left her vehicle in the Dobbs parking lot; instead, she was found unconscious in that vehicle approximately an hour and fifteen minutes after leaving the Whitmoor Country Club (following the drug distribution). A bystander then gave C.W. Narcan; however, it was ultimately unsuccessful. C.W. died that day. A medical examiner subsequently determined that the immediate cause of C.W.'s death was fentanyl intoxication.

Later that day, Defendant also intentionally and knowingly distributed fentanyl to C.H. C.H. would testify she wanted to buy oxycodone from Defendant; and that the Defendant represented that the drugs were oxycodone. And, in exchange for the jointly recommended range (and although Defendant does not admit that he misrepresented the nature of the fentanyl), Defendant agrees not to contest this position at sentencing. Defendant subsequently admitted that the drugs he distributed to C.H. were fentanyl.

After Defendant distributed the fentanyl to C.H., C.H. took the fentanyl. That day, C.H. believed she was overdosing and went to the hospital. While at the hospital C.H. was evaluated, observed for 3 hours, received treatment of intravenous fluids, anti-nausea medication and was released.

Defendant frequently displayed drugs on social media from September of 2019 to April of 2020. In particular, on November 16, 2019, Defendant appeared to be posting pictures of drugs. On November 20, 2019, Defendant posted a picture of drug capsules (consistent with the capsules posted November 16, 2019) on top of a can of Narcan. At other times, Defendant posted photos of cash and capsules.

In sum, Defendant admits that he intentionally and knowingly distributed fentanyl, a Schedule II controlled substance, to both C.W. and C.H.; he further admits that at the time of the distribution, he knew he was in possession of a controlled substance; specifically, fentanyl. Defendant also admits that these offenses (the offenses of conviction) establish that death resulted from C.W.'s use of the controlled substance and serious bodily injury resulted from C.H.'s use of the controlled substance (*i.e.*, the fentanyl that Defendant distributed to them).

**5.   STATUTORY PENALTIES:**

**A.   Statutory Penalties**: The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty (that is the lesser included offenses in Counts One and Two) are: imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall impose a period of supervised release of not less than three years, but

not more than life.

6. **UNITED STATES SENTENCING GUIDELINES 2021 MANUAL**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

   A.   **Offense Conduct**

   Count One: Distribution of Fentanyl to C.W.

   (i)   **Chapter 2 Offense Conduct:** The parties agree that the base offense level for Count One is 38, as found in Section 2D1.1(a)(2). The base offense level may also be determined under Section 4B1.1 if Defendant is determined to be a Career Offender.

   (ii)  **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply to Count One: none.

   Count Two: Distribution of Fentanyl to C.H.

   (i)   **Base Offense Level for Count Two:** The parties agree that the Defendant's Base Offense Level for Count Two is 38, as found in Section 2D1.1 (a)(2). The base offense level may also be determined under Section 4B1.1 if Defendant is determined to be a Career Offender.

   (ii)  **Special Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply to Count Two: none.

   B. **Chapter 3 Adjustments (Acceptance of Responsibility) for Counts One and Two:**

(i)     **Grouping of Counts:**   The parties agree that pursuant to Sections 3D1.1 and 3D1.2, Counts One and Two will group together and the Total Offense level will be the highest offense level of the Counts.

(i)     **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied and Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**B.     Total Offense Level:**

Based on these recommendations, the parties estimate that the Total Offense Level is 35 unless Defendant is a Career Offender.

Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

**C.     Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**D.     Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

   A. **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   i. **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

   ii. **Sentencing Issues:** In the event the Court accepts the plea and sentences the Defendant within or below the jointly recommended sentencing range of 60-168 months, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant to a sentence within or above the jointly recommended sentencing range of 60-168 months.

   B. **Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   C. **Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that

may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   A. **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

   B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

   C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

   D. **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory

special assessment of $100 per count for a total of $200, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  E. <u>Possibility of Detention:</u> The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  F. <u>Fines and Costs of Incarceration and Supervision:</u> The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

  G. <u>Forfeiture:</u> The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation and any property, constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part to commit or to facilitate the commission of such violations, and any firearm or ammunition involved in or intended to be used in such violations.

The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the Defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States= evidence and discussed the United States= case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative

to the United States= case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.    NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

6-14-2024
Date

CASSANDRA J. WIEMKEN, #91586KY
Assistant United States Attorney

6-14-2024
Date

ZACHARY HOVIS
Defendant

6-14-24
Date

MICHELLE MONAHAN
Attorney for Defendant